IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TONY BRADY                                                                                          PLAINTIFF

v.                                             No. 4:05CV01080 GH

GENERAL ELECTRIC COMPANY                                                  DEFENDANT

## ORDER

Plaintiff filed suit in the Pulaski County Circuit Court on July 11th alleging age discrimination under the ADEA. The case was removed on August 8th due to the ADEA and diversity jurisdiction.

On October 20th, defendant filed a motion to compel arbitration and to stay this action pursuant to the Federal Arbitration Act ("FAA"). It states that it has a nationwide issue resolution program called the "RESOLVE" program for resolving employment-related disputes with employees which plaintiff is subject to by his May 5, 2003 agreement at hiring. Defendant argues that the parties entered into a valid agreement to arbitrate as a matter of Arkansas contract law, his claims are subject to and within the scope of the arbitration agreement, and the RESOLVE program is fair and consistent with accepted due process concerns and has been enforced by numerous courts. It has attached a copy of the RESOLVE process, a copy of the agreement signed by plaintiff, a copy of the applicable National Rule for the Resolution of Employment Disputes, and a copy of a case compelling arbitration under RESOLVE.

Plaintiff filed a response on November 18th asserting that the procedures are so biased, limited, and unfair as to prevent the effective redress of rights and that the arbitration document is not a contract due to lack of consideration and mutual obligation. He argues that there is only limited, unfair, and unbalanced discovery and sets out a chart comparing the RESOLVE procedures versus the Federal Rules of Civil Procedure and Ethics Rules; that short deadlines prevent effective expansion of discovery as illustrated by a time line; that there are multiple and extremely short statutes of limitations that only effect a plaintiff; that defendant has improper control over procedural and substantive issues and lists six such defects; and while acknowledging that this argument has been previously rejected in other cases in this district, that the arbitration agreement is not a contract under Arkansas law.

On December 5th, defendant filed a motion to stay discovery to which plaintiff filed a response on December 14th.

Defendant filed a reply as to the motion to compel on December 14th that its RESOLVE program facilities the fair and expeditious resolution of employment disputes by providing discovery procedures for equal access to information and permitting bypass of the RESOLVE Coordinator to seek relief from the arbitrator; the arbitrator has express authority to excuse the untimeliness of claims due to missed deadlines which applies to both parties and here defendant has waived any defense that plaintiff has failed to exhaust his administrative remedies or timely bring his claim into RESOLVE; regarding consolidation of multiple claims, defendant states that plaintiff has not filed a multiple plaintiff or class action and defendant has not included any other claims; plaintiff has had an attorney throughout all proceedings; it agrees to hold the arbitration in Little Rock for plaintiff's convenience; the FAA provides a procedure for enforcement of an award; an arbitrator has the

authority to enforce substantive statutory rights even if in conflict with the remedies in the agreement; the arbitrator determines arbitrability; and the agreement is an enforceable contract.

On December 23rd, plaintiff filed a surreply that the discovery process is unfair as defendant can talk to employees informally whereas plaintiff cannot and the plaintiff has to go to the arbitrator in trying to obtain information from other employees regarding discriminatory comments and comparators and pretext; the agreement creates three additional statutes of limitations; the hearing is to be two days even if claims of different individuals are consolidated and defendant has the power to mandate an appearance in Chicago; while plaintiff can go to court to enforce payment, the arbitrator's decision cannot be cited as a basis for making defendant pay him the money; the injunctive relief that can be awarded is less than what is permitted by statute, and the entire agreement is so riddled with unfairness that it cannot be rendered fair.

The case of Faber v. Menard, Inc., 367 F.3d 1048, 1052 (8th Cir. 2004), provides the following framework in the Eighth Circuit regarding arbitration agreements:

> There is a strong federal policy favoring arbitration. The Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-14, preempts all state laws that reflect a policy disfavoring arbitration and which are designed specifically to limit arbitration. The Supreme Court has established that an arbitral forum is, as a general matter, adequate to preserve statutory rights and adjudicate statutory claims. Green Tree Fin. Corp. v. Randolph, 531 U.S. 79, 89-90, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000). ADEA claims are arbitrable, Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 35, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991), and the FAA extends to most arbitration agreements covering employment disputes. Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 119, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001). In light of this federal policy, arbitration agreements are to be enforced unless a party can show that it will not be able to vindicate its rights in the arbitral forum. See Green Tree, 531 U.S. at 90-92, 121 S.Ct. 513.
>
> We have made clear that when reviewing an arbitration clause, we ask only (1) whether there is a valid arbitration agreement and (2) whether the particular dispute falls within the terms of that agreement. FN1 Bailey v. Ameriquest Mortgage Co., 346 F.3d 821, 822 (8th Cir. 2003); Arkcom Digital Corp. v. Xerox Corp., 289 F.3d 536, 537 (8th Cir. 2002). We have described this narrow scope of review as addressing "only such issues as are essential to defining the nature of the forum in which a dispute will be decided." Larry's United Super,

Inc. v. Werries, 253 F.3d 1083, 1085 (8th Cir. 2001) (citation omitted). We will not extend that review "to the consideration of public policy advantages or disadvantages resulting from the enforcement of the agreement." Gannon v. Circuit City Stores, Inc., 262 F.3d 677, 682 (8th Cir. 2001). Questions about remedy are also outside our scope of review because they do not affect the validity of the agreement to arbitrate. Arkcom, 289 F.3d at 539.

> FN1.  Faber's claim clearly falls within the scope of the arbitration agreement, which specifically states that claims arising under the Age Discrimination in Employment Act and all causes of action arising under state laws must be arbitrated. D. Ct. Opinion of June 17, 2003, at 14.

We leave issues that fall outside this scope of review to the arbitrator to decide in the first instance. For example, the arbitrator is to first determine "the extent of [its] procedural and remedial authority" as limited by contract. Bailey, 346 F.3d at 824. A party must raise any objections before the arbitrator and, if necessary, challenge the arbitrator's award on appeal. Although arbitration agreements that limit the relief an arbitrator may award are disfavored, arbitrators have power to fashion relief. Gilmer, 500 U.S. at 32, 111 S.Ct. 1647. The arbitrator may determine if a party has waived statutory rights, and may choose to enforce substantive statutory rights even in the face of contractual limitations. Bailey, 346 F.3d at 824.

Whether an arbitration agreement is valid is a matter of state contract law. See Lyster, 239 F.3d at 946; 9 U.S.C. § 2 (providing that arbitration agreements are valid and enforceable unless grounds "exist at law or in equity for the revocation of any contract"). We examine arbitration agreements on a case-by-case basis. Dobbins, 198 F.3d at 717.

In addition, just last month, the Eighth Circuit Court of Appeals affirmed its reasoning about the FAA in Lenz v. Yellow Transp., Inc., 431 F.3d 348, 351 (8th Cir. 2005):

> The FAA "compels judicial enforcement of a wide range of written arbitration agreements." Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 111, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001). Congress's purpose for enacting the FAA was "to reverse the longstanding judicial hostility to arbitration agreements." Gannon v. Circuit City Stores, Inc., 262 F.3d 677, 679 (8th Cir.2001) (citation omitted). Thus, the FAA establishes a "liberal federal policy favoring arbitration agreements." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). It applies both in federal courts and state courts, as Congress intended the FAA to pre-empt state anti-arbitration laws to the contrary. Circuit City, 532 U.S. at 122, 121 S.Ct. 1302.

Plaintiff has relied in part on the case of Bailey v. Ameriquest Mortg. Co., 2002 WL 100391 (D. Minn. 2002), in support of his position. However, that case was reversed on appeal in Bailey

v. Ameriquest Mortg. Co., 346 F.3d 821, 822-823 (8th Cir. 2003), as illustrated by the following excerpts:

> This is an action under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, by present and former account executives at Ameriquest Mortgage Company ("Ameriquest"), who allege that they often work more than forty hours per week without being paid overtime compensation the FLSA requires. Ameriquest moved to compel arbitration pursuant to the standard-form Mutual Agreement to Arbitrate Claims signed by Ameriquest and each account executive (the "Arbitration Agreement"). The district court denied the motion. Relying upon decisions from other circuits, the court concluded that the Arbitration Agreement is unenforceable because certain of its terms are inconsistent with the account executives' procedural and remedial rights under the FLSA. [FN1] In so ruling, the court ignored the provision in the Arbitration Agreement giving the arbitrator "exclusive authority to resolve" disputes over the validity of any part of the agreement. The court also ignored controlling decisions of this court which have declined to follow the decisions from other circuits on which the district court relied. See Arkcom Digital Corp. v. Xerox Corp., 289 F.3d 536, 538-39 (8th Cir. 2002).
>
>> FN1. The account executives argue that the Arbitration Agreement is unenforceable because its one-year statute of limitations unlawfully limits the damages they may recover under the FLSA; because the agreement's cost-sharing provision may impose significantly greater costs than a judicial forum; because the California venue provision may increase costs and discourage the assertion of FLSA claims; and because the agreement does not expressly provide for collective action, as the FLSA does, see 29 U.S.C. § 216(b).
>
> ****
>
> Rather than invoke this narrow exception that the Supreme Court has recognized but never applied, the district court applied a far broader exception to arbitrability, declaring invalid and unenforceable an agreement to arbitrate that applies to a wide variety of claims because some of its procedural terms and remedial limitations appear to be facially inconsistent with the FLSA statutory claims being asserted by the account executives. In our view, the court's analysis reflects an outmoded judicial hostility to arbitration that the Supreme Court has consistently rejected in construing the FAA. The court's decision is contrary to controlling decisions of the Supreme Court and this court for two distinct reasons.

The excerpts from the above Eighth Circuit cases control this Court's consideration of the motion to compel arbitration – not what other circuit courts may have ruled. Moreover, the Court is concerned with the actual facts in this case instead of possibilities. For instance, plaintiff has had

legal counsel throughout the process, defendant has waived failure to exhaust and timeliness defenses, there are not multiple claims or consolidation issues involved, and defendant has agreed to Little Rock as the place for the arbitration. Under these circumstances, the Court finds that there is a valid arbitration agreement between the parties and the age discrimination claim falls within the terms of that agreement. Therefore, defendant is entitled to an order compelling arbitration.

Accordingly, defendant's October 20th motion (#11) to compel arbitration and to stay this action is granted thereby mooting defendant's December 5th motion (#17) to stay discovery. In light of this stay, the Clerk is directed to administratively terminate this action in his records without prejudice to the parties filing a motion to reopen within 30 days of the final arbitrator's decision should circumstances change.

IT IS SO ORDERED this 23rd day of January, 2006.

*George Howard, Jr.*
UNITED STATES DISTRICT JUDGE